### HEIRS OF FARAR *vs.* WARFIELD & WIFE.

APPEAL from the court of the third district, the judge of the court presiding.

PORTER J. delivered the opinion of the court. This is a petitory action. One of the principal points in issue, is the location of the grant under which the plaintiffs claim the premises. The jury found a verdict for the defendants, and the plaintiffs appealed.

A surveyor cannot give his opinions in evidence, as to the proper location of a grant. He must state the facts.

Papers in a foreign language need not be translated by the sworn interpreter of the court.

They require the cause to be remanded for a new trial, on alleged errors of the judge, in admitting and rejecting testimony.

The surveyor, who had been appointed by the court, to make a survey of the premises in dispute, was asked by the plaintiffs the following question: "Have you any doubt in your mind, that, from the antiquity of the appearance of the improvements on the land, near and adjoining the bluffs, as described in your survey; from the locality of the ground;

Eastern District.
*March*, 1830.

HEIRS OF
FARAR
*vs.*
WARFIELD&WF.

from the correspondence marked on the diagram in the patent, and in your own survey, particularly as to the meanders of Thompson's creek, and the actual position of the bluff, as you found them, that the land you surveyed, is the same marked on said diagram." The court would not permit the witness to answer this question, and acted correctly in doing so. Whether the facts stated in the interrogatory, left any doubt on the mind, was a question to be decided by the jury, and not by the witness. The plaintiffs say, that as a professional man, they had a right to his opinion. The cases in which testimony of this kind is received are those where the solution of the question requires a degree of skill and judgment, which is usually confined to a few individuals, exercising a particular art or profession, and where the jury are supposed incapable of drawing a correct inference from the facts. The location of a patent, does not, in our opinion, present a question of science, which calls for opinion from the witnesses, instead of facts. We do not recollect a single case, where such a question has been put to surveyors, and this in itself, is an argument of considerable weight,

Eastern District.
*March*, 1830.

HEIRS OF
FARAR
*vs.*
WARFIELD&WF.

against its legality, as the instances must have been numerous where there was a motive for putting it. *Starkie on evidence, part* 1, 74.

The plaintiffs also objected to the introduction of certain documents in the French and Spanish languages, on the ground, "that there was no interpreter to the court, by which the contents of said papers could be known, either to the jury, or the counsel for the plaintiff." If the law made it compulsory on the judge, to appoint an interpreter to the court, then, perhaps this objection would have been legal. But the statute leaves it discretionary with the tribunals of the state, to do so, and in the absence of such an officer, any person who is qualified by his knowledge, may discharge the duty. *Moreau's Digest*, 1, 296.

Another objection was taken to the introduction of the defendant's title, on the ground that it was a patent issued at a time when the Spanish government had no authority to grant lands in West Florida. This objection is disposed of by the decision of the case of *Gayle* vs. *Gray, vol.* 6, 693, with which we see no reason to be dissatisfied.

On the merits, the evidence does not present a case, which authorises us to interfere

Heirs of
Farar
*vs.*
Warfield & wf.

with the verdict of the jury, and it is thereford ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.